WILLIAM BOOKOUT, Plaintiff-Appellant, v. DOUGLAS CRANE SERVICE, INC., Defendant-Appellee (Sherman LaCost, Defendant).

Third District   No. 3—87—0166

Opinion filed December 29, 1987.

Alan F. Smietanski, of Kankakee, for appellant.

William O. Schmidt, of Sale, Schmidt & Serene, of Kankakee (Edwin W. Sale, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Plaintiff William Bookout brought an action for damages alleged to have resulted from improper work done by defendant Douglas Crane Service, Inc., in lifting plaintiff's mobile home onto an existing foundation. The circuit court of Kankakee County granted defendant's motion to dismiss the complaint as to defendant pursuant to a settlement agreement between the parties, and plaintiff appeals from that order.

According to the second amended complaint, plaintiff employed defendant to lift plaintiff's mobile home with a crane and place the home upon a preexisting foundation; that defendant undertook to lift the mobile home with a steel cable; that defendant used wooden blocks to protect the home from the cable while lifting it; that the blocks either broke or slipped from place during the lifting and the cable cut through the mobile home, doing substantial and material damage; and that plaintiff sustained damages in excess of $38,000. The complaint included two counts against defendant: one count claiming breach of contract and a second alleging negligence.

Three additional counts of the complaint charged the seller of the mobile home, Sherman LaCost, with (1) breach of his promise to find an experienced crane operator, (2) breach of warranty that the mobile home was constructed so as to be able to utilize plaintiff's foundation, and (3) negligence in obtaining the crane operator and in assisting with the move.

After discovery and additional pleading, defendant filed its motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) on the ground that plaintiff and his attorney had executed and delivered to defendant a stipulation to dismiss the action on the basis of which defendant had changed its position to its detriment. Accompanying the motion was an affidavit of

defendant's attorney asserting that counsel for plaintiff and counsel for defendant had agreed that defendant would pay $600 to plaintiff and also would pay for the testimony of defendant's expert witness, Ned Myers, who would testify for plaintiff in plaintiff's action against the seller of the mobile home. The affidavit further averred that defendant had spent $350 for additional investigation by Myers to prepare testimony concerning the cost of repairs to the mobile home and had incurred $350 attorney fees, that plaintiff and plaintiff's attorney had signed a stipulation but had refused to file it in court. Attached to the affidavit are a signed stipulation to dismiss the cause of action and a signed agreement whereby defendant agreed to pay plaintiff $600 plus fees and expenses of Myers for testimony at trial.

Plaintiff filed a motion to deny dismissal, and in the accompanying affidavit, plaintiff's attorney swore that he had accepted the offer to settle the case, "depending on the nature of testimony which Mr. Myers was willing to give and depending on the fact that DOUGLAS CRANE SERVICE, INC. would pay for all the services rendered by Mr. Myers." The affidavit further asserted that plaintiff's attorney had to speak with Myers to determine what type of testimony he could give. According to the affidavit, the stipulation and agreement were signed by both parties but were held by affiant "pending final agreement to dismiss the action based upon the nature of the testimony that Ned Myers was willing to give pursuant to the proposed settlement." The affidavit also states that Myers was not able to testify as to the cost of repairs based upon personal knowledge, that his testimony was of no use to plaintiff, and that plaintiff thereupon rejected the settlement.

The trial court heard arguments upon the motions and then ruled that the agreement to dismiss had been reduced to writing and signed by all parties and was enforceable. Also, the court held that defendant had changed its position in reliance on the written stipulation signed by plaintiff and plaintiff's attorney and that the agreement was enforceable upon that basis as well.

On appeal, plaintiff first argues that the trial court acted improperly in disposing of this case upon a motion to dismiss where the affidavits establish a factual dispute. The motions and affidavits before the court were filed pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), which specifically provides for the court to hear and determine disputed questions of fact.

■ Furthermore, plaintiff does not deny preparing and sending to defendant a written stipulation to dismiss and an agreement for

Myers' testimony already signed by plaintiff and plaintiff's attorney. These written instruments were prepared in response to an earlier offer of settlement submitted by defendant and were counteroffers of settlement. Defendant signed the documents and delivered them back to plaintiff. Thus, a valid contract was concluded at that point. Plaintiff has subsequently attempted to modify the terms of the contract to condition it upon the ability of Myers to provide testimony in addition to that contained in his discovery deposition. Plaintiff also argues that the contract was not binding until it was filed in court, but the writings indicate otherwise. The written agreements of the parties are sufficient to support the trial court's ruling that defendant was entitled to enforce the settlement agreement.

◼ As an alternative argument, plaintiff contends that equitable estoppel, based upon defendant's detrimental reliance on the settlement agreement, is not applicable here because there is no allegation of misrepresentation of a material fact as required for the doctrine to apply. (See, *e.g.*, *Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283, 440 N.E.2d 320.) This case quite clearly involves promissory estoppel, not equitable estoppel. In *S. M. Wilson & Co. v. Prepakt Concrete Co.* (1974), 23 Ill. App. 3d 137, 139, 318 N.E.2d 722, 724, the doctrine of promissory estoppel was described as requiring "that there be a promise unambiguous in terms, that there be reliance on such promise by the party to whom it is made, that this reliance be expected and foreseeable by the party making the promise, and that the one to whom the promise is made in fact rely upon it to his injury." Defendant did incur liability for additional work on the part of the witness Myers to prepare testimony to benefit plaintiff in his suit against LaCost. This was sufficient for application of the doctrine of promissory estoppel here, as the trial court ruled.

The dismissal of the complaint against defendant Douglas Crane Service, Inc., was not erroneous, and the order of the trial court is hereby affirmed.

Affirmed.

WOMBACHER and SCOTT, JJ., concur.